**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**STEVE C. CARRICK**                                                        **PLAINTIFF**

**v.**                                    **No. 4:25-cv-959-DPM**

**COSTCO WHOLESALE CORPORATION**                    **DEFENDANT**

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), here is the Protective Order.

## I.    DESIGNATION OF CONFIDENTIAL INFORMATION

**A.**  Any Party may designate information or documents produced by that Party or a third party during the course of this proceeding as "Confidential Information."  A Confidential Information designation means that the Party believes the material contains or constitutes commercial or business information, personal information, or other information of a non-public nature that is confidential and/or proprietary.

**B.** Any document or information that a Party designates as Confidential Information shall be conspicuously labeled by the Party on each page with the designation "Confidential."  The label shall not obscure or make the contents of a document or information unreadable or undecipherable.  If a Party deems any documents or information produced by a third party to contain Confidential Information, that Party shall designate such documents or information as Confidential

Information by informing the other Party in writing and identifying the specific documents and information it seeks to designate as Confidential Information.

**C.** Information exchanged or transmitted between the parties or counsel verbally or through means other than an exchange of documents can be designated as Confidential Information by describing the means of exchange and indicating, in writing, that the information so exchanged is designated as Confidential Information.

## II.    DESIGNATION DISPUTE

**A.** Counsel must confer in good faith by video conference, and then in person if that conference is unsuccessful, before bringing any dispute arising under this Protective Order to the Court.  A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute.  Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute.  If the parties reach an impasse, they must file a joint report explaining the disagreement.  The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute."  The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines.

The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

**B.** Until the Court issues a final ruling on any disputed Confidential Information designation, the material in question shall be treated by all Parties as Confidential Information.

## III.  DISCLOSURE AND EXCEPTIONS

**A.** Confidential Information, including any copies thereof, shall not be publicly disclosed or disseminated, directly or indirectly, by any person or entity with knowledge of this Protective Order, except in accordance with the terms of this Protective Order. Confidential Information may be used only for the prosecution or defense of the proceedings captioned *Carrick v. Costco Wholesale Corp.*, No. 4:25-cv-959-DPM, and not for any other proceeding or purpose. Except as expressly permitted herein or by further order of the Court, all Confidential Information shall be maintained and kept in a confidential manner, subject to Section IX below.

**B.** Only the following persons shall have access to Confidential Information, subject to these limitations:

**1.** Counsel for the Parties, including both outside counsel and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed for this action;

–3–

**2.** The Parties to this action and the officers, directors, or employees of the Parties who are actively participating, or supporting those who are actively participating, in this action;

**3.** Witnesses, potential witnesses, experts, or consultants whom counsel for the Parties reasonably deem necessary for the preparation and trial of this action;  provided, however, that these persons, prior to receiving any Confidential Information, shall first sign an Acknowledgment attached hereto as Exhibit A that reflects their commitment to preserve the confidentiality of all information so designated.  Signed Acknowledgments shall be retained by lead counsel for each Party and further disclosed only by order of the Court, for good cause shown;

**4.** Mediators enlisted by all Parties to assist in the resolution of this matter;  and

**5.** The Court, the Court's staff, and court reporters engaged to record depositions, hearings, or trials in this action.

## IV.   INADVERTENT DISCLOSURE

**A.** If a Party inadvertently fails to designate a document or other information as Confidential Information, that Party may thereafter designate the document or other information as Confidential Information, provided that the Party gives prompt, written notice of the desired designation to all Parties after discovery of any failure to designate.  Thereafter, such document or information shall be subject

–4–

to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other Party.

**B.** Any inadvertent disclosure by the Party supplying the Confidential Information (regardless of whether the information was so designated at the time of disclosure), or of documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or privilege, provided that the supplying Party has notified the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent disclosure. Upon receiving notice of inadvertent disclosure, the receiving Party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing Party's claim either by the Court or by this Protective Order. The parties intend for this paragraph to be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

**C.** Unless obvious, a receiving Party shall be entitled to rely on the absence of the "Confidential Information" designation, and shall not violate this Order by good faith disclosure of information during the time it was not designated as Confidential Information.

## V.   DISCLOSURE TO A STATE OR FEDERAL REGULATORY AGENCY

**A.** Nothing in this Protective Order shall prevent disclosures beyond the terms of this Protective Order by any Party compelled to disclose Confidential Information to any state or federal regulatory agency. Said disclosure shall be made after reasonable notice and leave of court.

## VI.   SUBPOENA OF CONFIDENTIAL INFORMATION

**A.** If, in another action or proceeding, any Party in receipt of Confidential Information receives or has received a subpoena, summons, or demand which seeks Confidential Information, the Party receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the Party or Parties that produced and/or designated the Confidential Information and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, if the Party that produced the Confidential Information takes prompt action to resolve the dispute either voluntarily or through court proceedings if necessary.

## VII. USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS AND IN COURT FILINGS

**A.** If documents designated as Confidential Information are used in the taking of depositions, such documents shall remain subject to the provisions of this Protective Order. Deposition testimony shall be deemed Confidential Information only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as Confidential and shall be made no later than thirty (30) days after receipt of the transcript.

**B.** Designation of a document as Confidential Information does not, standing alone, justify filing the document under seal. Instead, the parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction. If redaction is impracticable, a party must move for permission to file any information designated as Confidential Information and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons, document-by-document, including an explanation about why redaction cannot be done.

## VIII. USE AT TRIAL

**A.** This Protective Order shall not apply to the disclosure of Confidential Information at the time of trial through the receipt of documents designated Confidential Information into evidence or through the testimony of witnesses.

## IX.   A PARTY'S USE OF ITS OWN CONFIDENTIAL INFORMATION

**A.** This Order does not apply to each Party's use of its own Confidential Information.

## X.   RETURN TO COUNSEL AND EXPIRATION

**A.** Counsel for the parties shall be permitted to retain Confidential Information in their files, subject to this Order.  Excepting counsel for the Parties and the Court and its staff, all other persons or entities to whom such Confidential Information, including any copies thereof, has been produced shall either return it or provide notification that it has been destroyed within thirty (30) days after the conclusion of this action or the final conclusion of any appeal taken from a final judgment in this action.

**B.** This Order shall remain in effect for one year after this action, including all appeals, ends.  Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

## XI.   QUALIFIED HIPAA PROTECTIVE ORDER

**A.** The Parties are granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this Court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any information relating to the past, present, or

future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any information relating to the provision of health care to such individual and payment for the provision of such health care.

**B.** This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

**C.** The Parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this Order for any purpose other than this action. Further, the Parties are ordered to either return the protected health information to the covered entity from which it was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. §§ 164.502(b) & 164.512(e)(1)(v).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

<u>9 March 2026</u>

–9–

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**STEVE C. CARRICK**                                          **PLAINTIFF**

**v.**                              **No. 4:25-cv-959-DPM**

**COSTCO WHOLESALE CORPORATION**                **DEFENDANT**

**AGREEMENT TO BE BOUND BY DISCOVERY PROTECTIVE**
**ORDER**

I,_____, being duly sworn, state that:

1.    My address is _____.

2.    My present employer is_____ and the address of my present employment is _____.

3.    My present occupation or job description is_____.

4.    I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.

–10–

6.      I will limit use of Confidential material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:      _____          _____

                                    [Print Name]